IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FILTEC PRECISE, INC., | ) | Civil Action No.  4:25-cv-3518-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| JAMES BAILEY, Individually and Member of Fred Henry III, LLC (SC) and President and Member of Fred Henry III, LLC (IN), FRED HENRY III, LLC (SC), FRED HENRY III, LLC (IN), JING ZHANG BAILEY, Individually, and JOHN DOE TRUST | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

Plaintiff Filtec Precise, Inc. (referred to herein as "Filtec Precise" or "Plaintiff") seeks damages in excess of $75,000, attorneys' fees and costs against Defendant James Bailey ("Defendant Bailey") in his individual capacity, capacity as Member of Fred Henry III, LLC (SC), and capacity as President and Member of Fred Henry III, LLC (IN) ("Defendant James Bailey"), Defendant Fred Henry III, LLC (SC) ("Defendant LLC(SC)"), Defendant Fred Henry III, LLC (IN) ("Defendant LLC(IN)"), Defendant Jing Zhang Bailey in her individual capacity ("Defendant Jing Zhang"), and the John Doe Trust ("Defendant Trust"), where all Defendants may collectively be referred to herein as "Defendants," in association with claims for breach of contract, conversion, tortious interference with contract, and unjust enrichment.

**THE PARTIES**

1. Plaintiff Filtec Precise, Inc. is a North Carolina corporation with a principal place of business located at 218 Us Highway 701 Bypass, Tabor City, North Carolina 28463.

2.     Defendant James Bailey, in his individual capacity and capacity as Member of Fred Henry III LLC (SC) and President and Member of Fred Henry III LLC (IN), has an address located at 261 Shellbank Drive, Longs, South Carolina 29568.

3.     Defendant Fred Henry III LLC (SC) is a South Carolina limited liability company having, upon information and belief, Defendant James Bailey as a Member whose registered agent is Northwest Registered Agent LLC having an address of 6650 Rivers Ave., Ste 100, Charleston, South Carolina 29406. Upon information and belief, the conduct of Defendant James Bailey is imputed on Defendant Fred Henry III LLC (SC) through the acts of Defendant James Bailey as a Member of the company.

4.     Defendant Fred Henry III LLC (IN) is an Indiana limited liability company having Defendant James Bailey identified as the company's President and governing Member whose registered agent is Pearl Realty LLC having an address of 1301 Ballybunion Ct, Dyer, Indiana 46311-2455. Upon information and belief, the conduct of Defendant James Bailey is imputed on Defendant Fred Henry III LLC (IN) through the acts of Defendant James Bailey as its President and governing Member.

5.     Defendant Jing Zhang Bailey in her individual capacity, upon information and belief, is the wife of Defendant James Bailey, who has an address located at 261 Shellbank Drive, Longs, South Carolina 29568.

6.     Defendant John Doe Trust is named as a possible holder of funds and/or property purchased from such funds whose proper name and location will be substituted when known. Upon information and belief, the conduct of Defendant James Bailey is imputed to the John Doe Trust by the acts of Defendant James Bailey as its agent.

## NATURE OF ACTION

7. This action arises under certain statutory and common law of the State of North Carolina including breach of contract, conversion, tortious interference with contract, and unjust enrichment.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) since this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) since a substantial portion of the acts or omissions giving rise to the claims occurred in this district and Defendants either individually reside or have some business connection to this district.

10. Venue is proper in this District for at least the reasons that Defendants either reside in this District, individually and/or cooperatively, conduct financial matters and business in this District, purposefully avail themselves to this District through certain real estate and other business activities in this District.

11. Defendants' activities in South Carolina subjects Defendants to personal jurisdiction in this District.

## FACTUAL BACKGROUND

12. Filtec Precise is engaged locally and throughout the Carolinas, the United States and internationally as a manufacturer and supplier of innovative, customized solutions for in converting yarn with examples of use of such yarns including filter fabric, conveyor belt fabrics, construction textiles, geotextiles, narrow fabrics, hoses, lifting equipment rubber components, sewing thread and in medical engineering.

13. Filtec Precise is a wholly owned subsidiary of Filament Technik GmbH & Cie, KG based in Germany ("Filament Technik").

A. **Separation Agreement and General Release**

14. Upon his termination with Filtec Precise effective on May 30, 2024, Defendant Bailey was employed as President of Filtec Precise. The terms of his termination and any unemployment compensation were expressly outlined in a Separation Agreement and General Release ("Agreement and Release") signed by Defendant Bailey on June 12, 2024. A true and exact copy of the Agreement and Release that was executed by Dr. Tim Graberg, the CEO of Filament Technik, and Defendant Bailey is included as Exhibit A.

15. Operating under the Bylaws of Filtec Precise, Inc., Dr. Tim Graberg, Dr. Walter Treuling, and Richard Beland were the sitting directors at the time the Agreement and Release were entered into with Defendant Bailey.

16. On May 21, 2024, the three sitting directors met in an extraordinary meeting of the directors of Filtec Precise, Inc. and unanimously agreed to remove Defendant Bailey as President of Filtec Precise. A true and exact copy of the minutes of this extraordinary meeting are included as Exhibit B.

17. Pursuant to paragraph 1 of the Agreement and Release, Defendant Bailey's termination was effective on May 30, 2024 ("Termination Date"), pursuant to the terms and conditions set forth in the Agreement and Release.[1]

18. The Agreement and Release provided that Defendant Bailey was to be provided with a payment of accrued salary and wages and vacation time for service performed up until the Termination Date less any applicable withholding or outstanding balances on loans due to Filtec

---

[1] Separation Agreement and General Release, ¶ 1.

Precise.[2]

19. In exchange for the promises included in the Agreement and Release subject to Defendant Bailey's compliance with the terms of the Agreement and Release, without exception, Filtec Precise forgave $57,000 USD of an outstanding Bridge Loan Filtec Precise had earlier provided to Defendant Bailey.

20. Notwithstanding the terms provided in the Bridge Loan, any outstanding balance of the Bridge Loan would be due immediately if Defendant Bailey's employment with Filtec Precise should end before the loan is repaid, Filtec Precise provided Defendant an extension "until the end of 2024" to pay the remaining balance of the Bridge Loan in full along with accrued interest at the rate provided in the Bridge Loan.[3] A true and exact copy of the Bridge Loan is included as Exhibit C.

21. Further pursuant to the terms of the Bridge Loan, the principal amount of $225,000 USD was being provided to Defendant Bailey to help facilitate the purchase of a new home located at 261 Shellbank Drive, Longs, South Carolina ("Shellbank Drive Property"). The Bridge Loan had at an interest rate of 5.15%.

22. The Bridge Loan provided that most of the loan in the amount of approximately $200,000 would be paid back immediately after the sale of Mr. Bailey's residence of a townhouse located at 462 Colonial Trace Drive in Longs, South Carolina ("Colonial Trace Property").

23. In association with the provisions of the Agreement and Release concerning the Bridge Loan, Defendant Bailey was provided with the revised loan payout schedule included in Exhibit D showing the amount due on December 31, 2024, would be $177,536.75 USD.

---

[2] *Id.* at ¶ 2.
[3] *Id.* at ¶ 3.

24.     The Agreement and Release further stated that "in exchange for the promises contained herein and subject to Employee's compliance with the terms of this Agreement and Release, without exception" Defendant Bailey was granted the 2024 Honda Passport that was purchased by Filtec Precise for Defendant Bailey's business use.[4]

25.     The parties agreed to the provision in the Agreement and Release that provided in order "[t]o receive any payments, benefits, and/or loan forgiveness" Defendant Bailey must comply with the terms of the Agreement and Release.[5] In the event Defendant Bailey "breaches or fails to abide by the terms of the Agreement and Release," Defendant Bailey must return any payments, benefits, and/or loan forgiveness that are made to Defendant Bailey.[6] Further pursuant to the provisions of this paragraph of the Agreement and Release, Filtec Precise may pursue other remedies available in equity or at law in the event of any such breaches.[7]

26.     Counsel for Filtec Precise Todd Hess received the Agreement and Release that was signed by Defendant Bailey without any objections or any modifications on June 12, 2024.

27.     Defendant Bailey, accompanied by Defendant Jing Zhang, appeared at Filtec Precise's offices and manufacturing location located in Tabor City, North Carolina in a meeting that was prearranged with Todd Hess on June 20, 2024. Over the course of this meeting, Defendant Bailey secured his personal items from his office and a Bill of Sale that included, pursuant to Defendant Bailey's request, both Defendant Bailey and Defendant Jing Zhang as the buyers securing the automobile ("Bill of Sale") pursuant to the terms of the Agreement and Release.

28.     Filtec Precise fulfilled and fully complied with the terms of the Agreement and Release.

---

[4] *Id*.
[5] *Id.* at ¶ 5.
[6] *Id*.
[7] *Id*.

**B.     Defendant Bailey's Actions with Respect to Company Property Following His Termination**

29.     Notwithstanding that Defendant Bailey's position as President of Filtec Precise had terminated, he continued to function in the capacity of President in several activities. For example, following his termination, Defendant continued to access the company's Vanguard 401k account until such activities were discovered and the password for account access was subsequently changed.

30.     Additionally, on June 12, 2024, Defendant Bailey advised via email "[a]s my last official act for Filtec Precise Inc, I've closed the brokerage account with Vanguard …" This was a money market account having a balance in the amount of $521,843.88.

31.     Defendant Bailey was advised that the act was far from being official since he was no longer employed by Filtec Precise. Indeed, such an action could be considered fraudulent in nature since the account belongs to Filtec Precise and he represented himself to Vanguard as having authority to take these actions on behalf of Filtec Precise.

**C.     Defendant Bailey's Other Breaches of the Agreement and Release**

32.     As of January 1, 2025, Filtec Precise had not received payment of the Bridge Loan from Defendant Bailey.

33.     Christine Gore, the newly named President of Filtec Precise reached out to Defendant Bailey to discuss whether Filtec Precise would be in receipt of payment according to the terms of the Agreement and Release.

34.     While initial discussions suggested that Defendant Bailey might make a partial payment on the Bridge Loan, no such payments were made. Todd Hess subsequently sent Defendant Bailey a letter demanding payment of the Bridge Loan pursuant to the terms of the Agreement and Release.

35. While Defendant Bailey expressly chose in writing not to be represented by counsel in the discussions he had with Todd Hess when the Agreement and Release was signed and the terms of the document were undertaken, counsel for Defendant Bailey did engage Randolph M. James as counsel who contacted Todd Hess indicating he would be representing Defendant Bailey with respect to this matter.

36. Todd Hess continued communications with Mr. James via letters and other communications encouraging some offer to be made for repayment of the Bridge Loan. However, no offers were made and Filtec Precise proceeded filing this lawsuit in response.

D. **Defendant Bailey's Use of the Funds Received from the Bridge Loan**

37. The Bridge Loan was approved on January 10, 2024, and payment of the loan proceeds in the amount of $225,000 USD was made to Defendant Bailey sometime after that date.

38. The deed to the Shellbank Drive Property was recorded on February 14, 2024, with the Horry County Register of Deeds showing Defendant Bailey in conjunction with Defendant Jing Zhang as joint tenants and Grantees of the property. A true and exact copy of the referenced deed is included as Exhibit E.

39. Defendant Bailey subsequently sold the Colonial Trace Property as shown in the deed recorded on November 20, 2024, with the Horry County Re. A true and exact copy of the deed for the sale of the Colonial Trace Property is included as Exhibit F. As shown in this Exhibit, Defendant Bailey received $215,000 USD for the sale this property.

40. Notwithstanding Defendant Bailey was in receipt of these funds prior to December 31, 2024, when final payment of the Bridge Loan was due, Defendant Bailey decided not to use these funds to meet his payment obligation pursuant to the Agreement and Release.

E.  **Defendant Jing Zhang's Connection to the Agreement and Release**

41. As shown on the deed for the Shellbank Drive Property, Defendant Jing Zhang was named as a joint tenant for this property.

42. Furthermore, pursuant to a request from Defendant Bailey, Defendant Jing Zhang was included as one of the owners on the Bill of Sale for the 2024 Honda Passport that was transferred to Defendant Bailey pursuant to the terms of the Agreement and Release. A true and exact copy of the Bill of Sale showing Defendant Jing Zhang's signature is included as Exhibit G.

43. Defendant Jing Zhang benefited with respect to the receipt of property, both the Shellbank Drive Property and the 2024 Honda Passport, that was the result of funding provided by Filtec Precise.

44. Upon information and belief, Defendant Jing Zhang had full knowledge of the Agreement and Release, the associated assets and funds, and the extent of benefits she may retain if Defendant Bailey failed to comply with the terms of the Agreement and Release.

F.  **Defendant LLC(SC)'s and Defendant LLC(IN)'s Connections to Filtec Precise**

45. Defendant LLC(SC) was organized and has been in existence in good standing since November 8, 2023. The corporate information for the registration of Defendant LLC(SC) from the South Carolina Secretary of State is included in Exhibit H.

46. Defendant LLC(IN) was organized substantially coterminously with Defendant LLC(SC) and has been in existence in good standing since December 2, 2023. The Certificate of Organization of Defendant LLC(IN) is included in Exhibit I.

47. Upon information and belief, Defendant LLC(SC) and Defendant LLC(IN) received certain business information and benefits as well as funds from Defendant Bailey that otherwise belonged to Filtec Precise. Such information, benefits, and funds were provided by

Defendant Bailey without the consent of Filtec Precise and further in breach of the terms of the Agreement and Release.

G.  **Defendant John Doe Trust's Connections to Filtec Precise**

48. Upon information and belief, Defendant Bailey is or was at some point the trustee of the John Doe Trust.

49. Upon information and belief, the John Doe Trust is an irrevocable trust.

50. Upon information and belief, it can be shown that at least some part of the money to be repaid to Filtec Precise pursuant to the Agreement and Release has been directed to the John Doe Trust in what is believed to be an attempt to prevent access to such funds by Filtec Precise.

**FIRST CAUSE OF ACTION**
**BREACH OF SEPARATION AGREEMENT AND GENERAL RELEASE**
**(Filtec Precise, Inc. by and/or against James Bailey)**

51. Plaintiff incorporates and realleges each of the paragraphs contained above as if fully set forth herein.

52. The provisions of the Separation Agreement and General Release ("Agreement and Release") are in writing and willfully signed by the CEO in his representative capacity of Filtec Precise and Defendant Bailey.

53. Defendant Bailey is contractually obligated to honor the terms of the Agreement and Release.

54. Defendant Bailey has breached the Agreement and Release in one or more of the following ways:

   a. Defendant Bailey's failure to repay the Bridge Loan along with accrued interest at the rate provided in the Bridge Loan;[8]

---
[8] Agreement and Release, ¶ 3.

    b. Defendant Bailey's refusal to forfeit $57,000 USD of the outstanding balance of the Bridge Loan and the grant of the 2024 Honda Passport given Defendant Bailey's noncompliance with the terms of the Agreement and Release;[9]

    c. Defendant Bailey's failure to release all claims he may have against Filtec Precise, its employees, and Filtec Precise's parent company in connection with or arising from Defendant Bailey's employment with, or separation of employment from Filtec Precise, whether or not known to Defendant Bailey or suspected to exist;[10]

    d. Upon information and belief, Defendant Bailey has directly and/or indirectly disclosed certain provisions of this Agreement and Release not including the exceptions provided in the Agreement and Release;[11]

    e. With the exception of certain identified protected rights in the Agreement and Release, upon information and belief, Defendant Bailey has disclosed confidential information of the Filtec Precise and/or Filtec Precise's corporate affiliates;[12]

    f. Upon information and belief, Defendant Bailey's failure to honor the Non-Competition Clause of Employment Contract by and between Filtec Precise, Inc. and Jim Bailey included in Exhibit J;[13] and

    g. Upon information and belief, Defendant Bailey has disclosed to the public and/or other person(s) false or misleading information, any information that reflects negatively upon or otherwise disparages Filtec Precise (including its officers, directors, and employees) or which may harm the reputation of Filtec Precise including, but not limited to, any statements that disparage any product, service, capability, or any other aspect of the business of Filtec Precise, including via but not limited to, social media.[14]

55. Upon information and belief, Defendant Bailey has breached the Agreement and Release in other ways as yet unknown to Filtec Precise, but which will become known during the discovery phase and litigation of this action.

56. As a direct and proximate result of Defendant Bailey's breach of the Agreement and Release, Filtec Precise has sustained significant financial injury and loss in the operation of

---

[9] *Id.* at ¶¶ 3 and 5.
[10] *Id.* at ¶¶ 7 and 8.
[11] *Id.* at ¶ 9.
[12] *Id.* at ¶ 10(a)-(d).
[13] *Id.* at ¶ 10(e).
[14] *Id.* at ¶ 11.

the company.

## SECOND CAUSE OF ACTION
### CONVERSION
**(Filtec Precise, Inc. by and/or against James Bailey)**

57.     Plaintiff incorporates and realleges each of the paragraphs contained above as if fully set forth herein.

58.     Defendant Bailey's wrongful retention of funds owed under the Bridge Loan, refusal to provide to Filtec Precise with his payment that is due under the Bridge Loan, refusal to forfeit the loan forgiveness portion of the Bridge Loan, and the 2024 Honda Passport constitute dominion of these distributions and assets by Defendant Bailey and is a substantial interference with Filtec Precise's possessory rights in the same.

59.     Upon information and belief, Defendant Bailey has wrongfully detained and converted Filtec Precise's money and assets into his own personal use, thereby preventing Filtec Precise from asserting their rights of ownership and possession over the same.

60.     Filtec Precise has demanded that Defendant Bailey provide the distributions they were rightfully owed by Defendant Bailey, but Defendant Bailey has refused to do so.

61.     Defendant Bailey has improperly converted money and assets belonging to Filtec Precise to his own use without Filtec Precise's consent.

62.     As a direct and proximate result of Defendant Bailey's conversion, Filtec Precise has been damaged in an amount to be determined through discovery and at trial.

63.     Defendant Bailey's conversion of Filtec Precise's funds and property was so reckless, willful, wanton, or malicious to Filtec Precise's rights that Defendant Bailey should be punished and deterred by requiring him to pay punitive damages to Plaintiff. Filtec Precise is entitled to recover punitive damages from Defendant Bailey pursuant to S.C. Code Ann. §§ 15-

32-520, *et seq.* in an amount to be determined at trial to deter such conduct in the future by Defendant Bailey and from others similarly situated.

### THIRD CAUSE OF ACTION
### CONVERSION
**(Filtec Precise Inc. v. Fred Henry III, LLC (SC), Fred Henry III, LLC (IN), Jing Zhang Bailey, and John Doe Trust)**

64.     Plaintiff incorporates and realleges each of the paragraphs contained above as if fully set forth herein.

65.     Upon information and belief, Defendant LLC(SC), Defendant LLC(IN), Defendant Jing Zhang, and Defendant Trust have wrongfully exercised dominion over certain business information and/or benefits and/or funds belonging to Filtec Precise.

66.     Filtec Precise owns and has the right to possess the business information, benefits, and funds in question.

67.     Defendant LLC(SC)'s, Defendant LLC(IN)'s, Defendant Jing Zhang's, and Defendant Trust's withholding, sale, and/or use of such information, benefits, and/or funds and their refusal to return such information or funds to Filtec Precise are wrongful acts and omissions.

68.     As a proximate result of Defendant LLC(SC)'s, Defendant LLC(IN)'s, Defendant Jing Zhang's, and Defendant Trust's wrongful acts and omissions, Filtec Precise has been damaged in an amount to be determined according to proof to be submitted at trial.

### FOURTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACT
**(Filtec Precise, Inc. v. Jing Zhang Bailey)**

69.     Plaintiff incorporates and realleges each of the paragraphs contained above as if fully set forth herein.

70.     The Separation Agreement and General Release is a valid enforceable contract between Filtec Precise and Defendant Bailey.

71. Defendant Bailey has wrongfully detained and converted money and assets rightfully belonging to Filtec Precise into his own personal use, thereby preventing Filtec Precise from asserting its rights of ownership and possession over the same. Accordingly, Defendant Bailey has breached the Agreement and Release.

72. Defendant Jing Zhang was fully aware of the Agreement and Release.

73. The benefits that Defendant Jing Zhang would receive as a result of Defendant Bailey's breach of the Agreement and Release were known to Defendant Jing Zhang.

74. Despite knowing of the terms of the Agreement and Release, upon information and belief, Defendant Jing Zhang encouraged or induced Defendant Bailey to breach the Agreement and Release and did so without any justification.

75. At least evidenced through her signature on the Bill of Sale, Defendant Jing Zhang aided and abetted Defendant Bailey in his breach of the Agreement and Release.

76. Defendant Jing Zhang had no lawful justification for any such actions related to the Agreement and Release.

77. Defendant Jing Zhang's tortious interference was intentional and proximately caused Filtec Precise's losses in an amount to be proven at trial.

78. The outrageousness of Defendant Jing Zhang's conduct entitles Filtec Precise to recover punitive damages from Defendant Jing Zhang pursuant to S.C. Code Ann. §§ 15-32-520, *et seq.* in an amount to be determined at trial to deter such conduct in the future by Defendant Jing Zhang and from others similarly situated.

## FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT
**(Filtec Precise Inc. v. Defendants)**

79.     Plaintiff incorporates and realleges each of the paragraphs contained above as if fully set forth herein.

80.     Upon information and belief, Defendant Bailey, Defendant LLC(SC), Defendant LLC(IN), Defendant Jing Zhang, and Defendant Trust have wrongfully exercised dominion over certain business information and/or benefits and/or funds belonging to Filtec Precise.

81.     Defendant Bailey's, Defendant LLC(SC)'s, Defendant LLC(IN)'s, Defendant Jing Zhang's, and Defendant Trust's withholding, sale, and/or use of such information, benefits, and/or funds belonging to Filtec Precise would unjustly enrich Defendants.

82.     Common law principles and equity dictate that Defendants restore the business information and/or benefits and/or funds belonging to Filtec Precise and not continue to use same for their benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enters judgment in its favor on each and every claim for relief set forth herein and award Plaintiff relief for the following:

a)      Defendants pay to Plaintiff all damages Plaintiff has suffered by reason of Defendants' acts and omissions complained of herein;

b)      An Order declaring that Defendant Bailey pays Plaintiff the Bridge Loan balance of $177,536.75 that existed on December 31, 2024, along with interest that has accrued in association with that amount until repayment has been made;

c)   An Order declaring that Defendant Bailey pay to Plaintiff the $57,000 USD loan forgiveness amount along with interest that has accrued in association with that amount until repayment has been made;

d)   An Order declaring that James Bailey and Jing Zhang Bailey return to Plaintiff the 2024 Honda Passport or an amount equivalent to its value at the time the vehicle was transferred to the parties on June 20, 2024;

e)   Defendants pay to Plaintiff any exemplary and treble damages as allowed by the statutes and laws referenced herein;

f)   Defendants pay to Plaintiff profits obtained by Defendants associated with Defendants' acts described herein;

g)   Defendants pay to Plaintiff pre-judgment and post-judgment interest on any damages awarded to Plaintiff;

h)   Defendants be ordered and required to pay punitive damages for their acts described herein;

i)   Defendants be ordered to pay all costs associated with this action including reasonable attorneys' fees, expenses and court costs incurred by Plaintiff;

j)   An Order enjoining Defendants from using and requiring them to return any business information, benefits or funds belonging to Filtec Precise that are in the possession of Defendants; and

k)   Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable in this lawsuit.

This 28th day of April, 2025,

        Respectfully Submitted,

        Filtec Precise, Inc.
        By counsel

        By: _s/Todd M. Hess_____
            Todd M. Hess (Federal ID No. 12925)
            Hess Law, PLLC
            308 Givens Street
            Waxhaw, NC 28173
            Telephone: (980) 213-6929
            Fax: (980) 300-0089
            toddhess@biziplaw.com
            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2025, Plaintiff caused to be served Complaint on counsel of record for James Bailey via email, and addressed as follows:

Randolph M. James<br>
RM James Law<br>
116 North Spruce Street<br>
Winston-Salem, NC 27101<br>
rmjames@rmjameslaw.com

This the 28th day of April, 2025

                                         HESS LAW, PLLC

                                         By: /s/ Todd M. Hess
                                             Todd M. Hess (Federal ID No. 12925)
                                             Hess Law, PLLC
                                             308 Givens Street
                                             Waxhaw, NC 28171
                                             Telephone: (980) 213-6929
                                             Fax: (980) 300-0089
                                             toddhess@biziplaw.com
                                             *Attorney for Plaintiff*